UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| PATRICIA INEZ PARSON, § § Plaintiff. § § VS. § ANDREW SAUL, COMMISSIONER § OF THE SOCIAL SECURITY § ADMINISTRATION, § § Defendant. § | CIVIL ACTION NO. 3:20-CV-00173 |

## **MEMORANDUM AND ORDER**

Plaintiff Patricia Inez Parson ("Parson") seeks judicial review of an administrative decision denying her application for disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"). *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Before me, with the consent of the parties, are competing motions for summary judgment filed by Parson and Defendant Andrew Saul, the Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 20, 22. After reviewing the briefing, the record, and the applicable law, Parson's Motion for Summary Judgment is **GRANTED**.

## **BACKGROUND**

Parson filed applications for disability insurance benefits under Title II and Title XVI of the Act on June 11, 2015. Parson originally alleged disability beginning on January 31, 2013, but she amended her alleged onset of disability to February 24, 2015. Both applications were denied on August 23, 2017. Parson then filed a

request for review, and the Appeals Council remanded her case for further consideration. Subsequently, the ALJ held another hearing and again found that Parson was not disabled. Parson filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review. This appeal followed.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post*

*hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the Commissioner considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Parson had not engaged in substantial gainful activity since February 24, 2015.

The ALJ found at Step 2 that Parson suffered from the following severe impairments: anxiety, panic disorder, depression, right upper extremity reflex sympathetic dystrophy, left shoulder bursitis/tendinitis, degenerative disc disease, chronic pain syndrome, inflammatory arthritis, asthma, and obesity. *See* Dkt. 19-3 at 26–27.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ assessed Parson's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps or stairs; she can never climb ladders, ropes or scaffolds; she can occasionally balance, stoop, kneel, crouch and crawl; she is right hand dominant and she can frequently bilaterally overhead reach, reach, handle, finger and feel; she can have occasional exposure to pulmonary irritants such as fumes, noxious odors, dust and gases; she is able to understand, carry out and remember detailed but not complex instructions and she can have frequent interaction with coworkers.

*Id.* at 29.

At Step 4, the ALJ found that Parson is able to perform her "past relevant work as an appointment clerk (hospital)" because "[t]his work does not require the performance of work-related activities precluded by [her] residual functional capacity." *Id.* at 35. Thus, the ALJ concluded that Parson "has not been under a disability, as defined in the Social Security Act, from February 24, 2015, through the date of this decision." *Id.*

4

**DISCUSSION**

In this appeal, Parson advances three main arguments. First, she contends that the ALJ applied an improper legal standard by discounting the medical opinions of Parson's treating physician, Dr. Shakira Dhamotharan. Next, Parson argues that the ALJ impermissibly rejected evidence substantiating her fibromyalgia diagnoses. Lastly, Parson avers that remand is required because the ALJ failed to make specific findings regarding her ability to sustain employment on a regular, continuing basis. Because I find that Parson's first argument warrants remand, I do not reach the second and third arguments.[1]

Disability claims filed before March 27, 2017, such as the claims in this case, are still subject to the so-called "treating physician rule." Under the treating physician rule, "[a]n ALJ should give controlling weight to the opinion of a treating physician unless there is good cause to discount it. Good cause may exist if the opinion is contrary to other experts and is not supported by the evidence." *McCoy v. Colvin*, No. CV H-14-3041, 2015 WL 12570990, at *2 (S.D. Tex. Dec. 22, 2015). In the absence of good cause, "an ALJ may reject the opinion of a treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in" 20 C.F.R. § 404.1527(c). *Aguilar v. Berryhill*, No. 5:16-CV-900-DAE, 2018 WL 1833246, at *5 (W.D. Tex. Mar. 22, 2018) (cleaned up). Under the regulatory analysis, the ALJ must evaluate: "(1) the physician's length of

---

[1] Although I do not reach the second and third arguments, on remand, I urge the ALJ to review Parson's brief to determine if any of her other complaints are valid.

treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; (6) the specialization of the treating physician; and, (7) any other considerations." *Bass v. Saul*, No. H-19-1525, 2020 WL 3405794, at *10 (S.D. Tex. June 19, 2020) (citing 20 C.F.R. § 404.1527(c)).

Here, Dr. Dhamotharan submitted a Physical Residual Functional Capacity Questionnaire. *See* Dkt. 19-24 at 77–79. In the questionnaire, Dr. Dhamotharan opined that Parson could only stand or walk for one hour of an eight-hour workday, needed to alternate between sitting and standing, required unscheduled rest breaks, would experience four or more workplace absences each month as a result of her conditions, and was unable to lift anything. *See id.* On top of these limitations, Dr. Dhamotharan stated that she had been treating Parson for two years with chronic pain, fibromyalgia, and lupus. *Id.* at 79.[2] In the face of all these medical opinions, the ALJ gave "no weight" to any portion of Dr. Dhamotharan's RFC questionnaire "because [Parson] is able to lift and is not bedridden." Dkt. 19-3 at 35. This may have been good cause to reject Dr. Dhamotharan's opinion of Parson's lifting capabilities, but it does not support rejecting Dr. Dhamotharan's opinion in its entirety. The ALJ should have applied the detailed regulatory analysis discussed above, but she did not. This is error.

---

[2] It's unclear to me whether the ALJ considered lupus, or even if the record supports such a diagnosis.

The Commissioner attempts to sidestep this error by pointing to evidence and arguments that the ALJ could have made, but didn't. This cannot salvage the ALJ's decision. As I've explained before, an "ALJ's decision must stand or fall with the reasons stated in the . . . final decision" because I cannot consider "[p]ost hoc rationalizations for an agency decision." *Bennett ex rel. Bennett v. Saul*, No. 3:19-CV-00064, 2019 WL 6255235, at *1 (S.D. Tex. Nov. 22, 2019).

In sum, the ALJ has neither offered good cause for rejecting Dhamotharan's medical opinion nor conducted the analysis required by § 404.1527(c). The ALJ did not apply the correct legal standard and remand is appropriate. *See Wichman v. Astrue*, 857 F. Supp. 2d 618, 630 (W.D. Tex. 2012) ("When the ALJ fails to use the appropriate legal standard in assessing the opinions of a plaintiff's treating physician, the case must be remanded.").

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Dkt. 20) is **GRANTED** and Defendant's Motion for Summary Judgment (Dkt. 22) is **DENIED**.

SIGNED this 9th day of July 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE